### STATE, EX REL. LOUISA J. BROWER, v. JAMES H. TICHENOR ET AL., APPRAISERS, &c.

In the eleventh section of the Essex public road board act, approved March 31st, 1869, (*Pamph. L., p.* 957,) the phrase "land and real estate" includes a way appurtenant to a farm.

---

An application for *mandamus*.

Argued at February Term, 1879, before Justices VAN SYCKEL, KNAPP and DIXON.

For the relator, *J. F. Fort.*

For the defendant, *J. W. Taylor.*

The opinion of the court was delivered by

DIXON, J. The relator owns a farm in Essex county, which is reached by a private way leading from Bloomfield avenue. It being proposed to change the grade of the avenue, a question is presented to the court whether, supposing the relator to own that "way" as appurtenant to her farm, and that the "way" will be damaged by the change of grade, she is entitled to an appraisement of the damages under the eleventh section of the Essex public road board act, approved March 31st, 1869. *Pamph. L., p.* 957. That section provides for appraising the damages occasioned by an alteration of the grade, to the owners of any land and real estate upon

the line of the road. Hence, if a way appurtenant to land is embraced within the phrase "land and real estate" in that section, the relator is entitled to the appraisement.

The expression "real estate" certainly does include such an easement, because it is a hereditament of an immovable nature.

In statutes providing for compensation to owners of *land* taken for public use, the word "land" has been held to cover the claims of all persons having rights in the land. *Ross* v. *E. & S. R. R. Co.*, 1 *Green Ch.* 422; *Freeholders* v. *R. & H. Turnpike Co.*, 3 *C. E. Green* 91.

If, therefore, the facts be as supposed, the relator has a right to her damages for injury to the way.

It is suggested that, as Bloomfield avenue was widened, and compensation made to the relator for land taken by such widening, and as the road had not been graded over the widened portion before the alteration of grade was ordered, that compensation covers the contemplated injury. But it has been decided otherwise. *Van Riper* v. *Essex Public Road Board*, 9 *Vroom* 23.

Let the *mandamus* issue according to the stipulations of counsel.